IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NOE PARAMO CASTANEDA, | § <br> § |
| Movant, | § <br> § |
| VS. | § NO. 4:21-CV-635-A <br> § (NO. 4:19-CR-032-A) |
| UNITED STATES OF AMERICA, | § <br> § |
| Respondent. | § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Noe Paramo Castaneda, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the reply,[1] the record, including the record in the underlying criminal case, No. 4:19-CR-032-A, styled "United States v. Victor Leonel Ortiz Alvarez, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On February 6, 2019, movant was named with another in a one-count information charging him with conspiracy to possess

---

[1] The reply is attached to a motion to exceed page limit, which the court is granting.

with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.² 19. Movant and his counsel signed a waiver of indictment stating that movant, having been advised of the nature of the charges, the proposed information, and of his rights, waived prosecution by indictment and consented to proceed by information. CR Doc. 24. They also signed a factual resume. CR Doc. 25. The factual resume set forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. Id.

On February 22, 2019, movant and his counsel appeared before the court for arraignment. Movant testified under oath that: he understood he was charged with conspiracy to possess with intent to distribute a controlled substance; he intended to waive indictment and proceed by information; he understood the constitutional rights he was waiving, which were fully explained by the court; he had discussed with his attorney how the sentencing guidelines might apply in his case; he understood that the court would not be bound by the stipulated facts and could impose a punishment that might disregard the stipulated

---

² The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-032-A.

2

facts or take into account other facts and movant might not be entitled to withdraw his plea should that occur; he understood the elements of the offense and admitted that all of them existed; he understood he faced a sentence of not less than five years or more than forty; he understood his right to have a grand jury return an indictment and waived that right; no one had made any promises or threats to induce him to waive return of an indictment; the factual resume had been read to him in his native language and he understood everything in it and had discussed it with his attorney and was satisfied with her representation of him; he had no deal, understanding, or agreement with the government and no one had used any force or made any promise to induce him to plead guilty; he pleaded guilty; and, the stipulated facts in the factual resume were true. CR Doc. 76. The court accepted the guilty plea and waiver of indictment, finding that they were knowing and voluntary, supported by an independent basis in fact, and were not the result of any force, threats, or promises. Id.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 38. CR Doc. 33, ¶ 26. He received two-level enhancements for importation, id. ¶ 27, maintaining a drug premises, id. ¶ 28, and unlawful discharge of a hazardous or toxic substance. Id.

3

¶ 29. He received a two-level decrease for meeting the criteria of USSG 5C1.2(a). Id. ¶ 30. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 36, 37. Based on a total offense level of 39 and a criminal history category of I, movant's guideline range was 262 to 327 months. Id. ¶ 72. Movant filed objections, CR Doc. 53, and the probation officer prepared an addendum to the PSR supporting the PSR as written. CR doc. 40. Movant filed a sentencing memorandum and request for downward departure or variance. CR Doc. 36.

The court sentenced movant to a term of imprisonment of 180 months, granting a substantial downward variance. CR Doc. 57; CR Doc. The court noted that the sentence was the same one that the court would have imposed without regard to the rulings the court could have made as to the objections to the PSR. CR Doc. 77 at 20-21. Movant appealed. CR Doc. 59. His sentence was affirmed. United States v. Castaneda, 830 F. App'x 754 (5th Cir. 2020).

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion, worded as follows:

> GROUND ONE: The District Court abused it's [sic] discretion, and was without jurisdiction to try movant

4

> for a [sic] infamous crime without presentment or indictment of a Grnd [sic] Jury.

Doc.[3] 1 at PageID[4] 4.

> GROUND TWO: Movant [sic] guilty plea was unconstitutionally invalid. There is insufficient evidence to establish [sic] the element's [sic] of a conspiracy conviction.

Id. at PageID 5.

> GROUND THREE: Counsel's eschewal of the violation of the fourth amendment denied Movant due process of law.

Id. at PageID 7.

III.

Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers and also because movant attached to the typewritten form a memorandum in support.

for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

As the government notes, all three of movant's grounds are waived. By his guilty plea, movant waived all nonjurisdictional

defects in the proceedings, including ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the plea. United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008)(quoting Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983)). Movant does not allege that his plea was not knowing and voluntary; nor could he. Any such contention, had one been made, is belied by the record, which reflects that movant understood fully the charge against him and the rights he was waiving. Movant's solemn declarations in open court are entitled to a presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). His factual resume is likewise entitled to that presumption. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081-82 (5th Cir. 1985). Movant's plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

Further, movant defaulted his claims by failing to raise them on appeal. He has made no attempt to show cause for his procedural default and actual prejudice resulting from the alleged errors. Bousley v. United States, 523 U.S. 614, 622 (1998); Shaid, 937 F.2d at 232.

8

And, in any event, movant's grounds are wholly conclusory and unsupported and insufficient to raise any constitutional issue. Miller, 200 F.3d at 282; United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). The memorandum was obviously written by someone not familiar with the facts of the case,[5] making allegations that there was no search warrant, that movant was not aware of his rights, and the like. The record reflects that these allegations are not true. See Doc. 8 (citing to the record to refute the allegations of the memorandum).

Movant's third ground refers to "eschewal of the violation of the fourth amendment." Doc. 1 at PageID 7.[6] In addition, his memorandum alludes to ineffective assistance based on counsel's "waiver of Gerstein[7] hearing," Id. at PageID 16, "waiver of initial appearance," id. at PageID 16-17, "waiver of preliminary hearing," id. at PageID 17-18, and waiver of Fifth Amendment right to indictment by a grand jury. Id. at PageID 18. Like the other grounds, these alleged shortcomings were waived by movant's guilty plea. Cavitt, 550 F.3d at 441; Smith, 711 F.2d at 682. They do not have merit in any event. Movant references the lack of a Gerstein hearing, but fails to show that such a

---

[5] The same can be said for the reply.
[6] Although the third ground itself refers to actions of counsel, the memorandum focuses on the duties of the court and government. Doc. 1 at PageID 29-38.
[7] Gerstein v. Pugh, 420 U.S. 103 (1975).

9

hearing would have changed the outcome of the proceedings. As a matter of fact, the magistrate judge did find probable cause and ordered movant detained. CR Doc. 9. Movant made his initial appearance on the date he was arrested. CR Doc. 4. His attorney was appointed on the same date. CR Doc. 3. Movant signed a waiver of preliminary examination and consent for magistrate judge to determine detention based on documents including the complaint and pretrial services report. CR Doc. 14. Movant signed a waiver of indictment, CR Doc. 24, after being fully informed of the nature of the charges, the proposed information, and of his rights with regard to an indictment. CR Doc. 76. The waiver was knowing and voluntary and proper. See United States v. Daughenbaugh, 549 F.3d 1010, 1011-12 (5th Cir. 2008). And, the record reflects that the search about which movant complains was conducted pursuant to a warrant. CR Doc. 33, ¶¶ 12-14.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 26, 2021.

_____
JOHN MCBRYDE
Senior United States District Judge